UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LEE WILLIAMS, JR., | No. 2:21-cv-0891-TLN-EFB P |
| Plaintiff, | |
| v. | ORDER |
| B. HURLBERT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. In addition to filing a handwritten complaint and a nearly identical but typed version of the same complaint (ECF Nos. 1 & 7), he also filed an application to proceed in forma pauperis (ECF No. 2).

<u>Application to Proceed in Forma Pauperis</u>

The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Screening Order

Plaintiff's complaint is plainly deficient insofar as it attempts to bring several unrelated claims against different defendants. Plaintiff's first and second claims (ECF No. 1 at 5-10) allege that on or around October 6, 2019, defendants Hubert, Ginder, and Spiker denied plaintiff due

process in both disciplinary and criminal proceedings charging plaintiff with sexual misconduct. Plaintiff's third claim (*id.* at 11-13) links defendant Philips to plaintiff's loss of his typewriter while confined to administrate segregation between July and October of 2019.  Plaintiff's fourth claim (*id.* at 14-16) accuses defendant Neves of "comparative negligence" for "failing to act reasonable in protecting plaintiff['s] substantive right in a prison grievance."  In his fifth claim (*id.* at 17-18), plaintiff alleges that defendant Abad sexually harassed him on November 11, 2019. In his final claim (*id.* at 19-21), plaintiff alleges that Hubert "failed to act."  Despite the wordiness of the complaint, the circumstances giving rise to this claim are not at all clear.

It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Here, there appears to be no basis for litigating the due process claims against Hubert, Ginder, and Spiker, the loss of property claim against defendant Neves, and the sexual harassment claim against Abad, all together in this action.  These claims seemingly encompass discrete events and separate defendants, rendering them ill-suited to proceed in a single suit.  Plaintiff's complaint will be dismissed with leave to amend.

## Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

/////

        4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 8, 2021.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE