1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9        FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JOEL LEE WILLIAMS, JR.,                    No. 2:21-cv-0891-TLN-EFB P

12          Plaintiff,

13      v.                                      ORDER

14   B. HURLBERT, et al.,

15          Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Following the dismissal of his original complaint on screening[1] (ECF No. 8),

19   plaintiff has filed an amended complaint (ECF No. 11), which the court must now screen.  As

20   discussed below, plaintiff's amended complaint is dismissed with leave to amend for failure to

21   state a claim.

22          Plaintiff's amended complaint concerns the October 6, 2019 disciplinary proceedings

23   relating to a rules violation report charging him with sexual misconduct.  ECF No. 11 at 4.  He

24   claims that defendant Ginder, the senior hearing officer, and defendant Speiker, the chief

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

1

1    disciplinary officer, denied him due process. *Id.* at 3-4. As a result, plaintiff remained in

2    administrative segregation, where his freedom of movement was restrained. *Id.* at 5, 7, 11. On

3    two occasions following his December 3, 2019 release from administrative segregation, plaintiff

4    was the victim of attack by other inmates. *Id.* at 5. Plaintiff claims that while he was housed in

5    administrative segregation, defendant Phillips improperly handled his legal property, depriving

6    him of evidence he needed for a case. *Id.* at 7-8. Plaintiff apparently appealed the property issue

7    and in the denial of the appeal, defendant Neves made false statements. *Id.* at 8-10, 14. Plaintiff

8    purports to allege various First, Eighth and Fourteenth Amendment due process claims, as well as

9    a state law negligence claim. These claims cannot survive screening.

10           First, the court can discern no basis for a First Amendment claim. To the extent plaintiff

11   intends to pursue a First Amendment claim based on denial of access to the courts, he must allege

12   specific facts showing that a defendant actually injured his litigation efforts, in that his or her

13   conduct hindered plaintiff's efforts to bring, or caused him to lose, an actionable claim

14   challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S.

15   343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). If plaintiff wishes to

16   pursue a First Amendment retaliation claim, he must "allege specific facts showing retaliation

17   because of the exercise of the [his] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562

18   (n.1) (10th Cir. 1990).

19           Second, there are insufficient facts to establish an Eighth Amendment violation arising

20   from the attacks on plaintiff by other inmates. That is, plaintiff fails to show that any defendant

21   acted with deliberate indifference to his safety. A showing of deliberate indifference requires that

22   a prison official "be aware of facts from which the inference could be drawn that a substantial risk

23   of serious harm exists, and . . . must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825,

24   837 (1994). Liability arises only where a prison official "knows that inmates face a substantial

25   risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

26   *Id.* at 847.

27           Third, plaintiff's stay in administrative segregation does not amount to a loss of liberty for

28   purposes of a due process claim. While "prisoners do not shed all constitutional rights at the

2

prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citations omitted).  "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."  *Id.; see also Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence).  In a prison setting, a liberty interest is recognized and protected where the conditions of confinement impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 485.  Plaintiff has not shown that the conditions he was subjected to while he was housed in administrative segregation imposed an atypical or significant hardship on him in relation to the ordinary incidents of prison life.

Moreover, any failure to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Last, the complaint fails to properly plead any state law tort claims.  The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added).  When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint.  *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007).  Plaintiff's complaint is devoid of such allegations.

For these reasons, plaintiff's amended complaint is dismissed with leave to amend.  If plaintiff chooses to file an amended complaint, it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

3

constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   The complaint should also describe, in sufficient detail, how each defendant personally violated or participated in the violation of his rights.  The court will not infer the existence of allegations that have not been explicitly set forth in the amended complaint.

The amended complaint must contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims.

Accordingly, IT IS ORDERED that:

1.   Plaintiff's amended complaint (ECF No. 11) is DISMISSED with leave to amend within 30 days from the date of service of this order; and

2.   Failure to comply with this order may result in dismissal of this action for the reasons stated herein.

DATED:  December 6, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4