UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL LEE WILLIAMS, JR., | No. 2:21-cv-0891-TLN-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| B. HURLBERT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Following the dismissal of his prior complaints on screening[1] (ECF Nos. 8 & 12), plaintiff has filed a third amended complaint (ECF No. 13), which the court must now screen. As discussed below, the complaint should be dismissed without further leave to amend for failure to state a claim.

Plaintiff alleges the following: On July 22, 2019, he was placed in administrative segregation because of reported sexual misconduct. ECF No. 13 at 7. Officer P. Phillips inventoried and packed plaintiff's property. *Id.* Plaintiff did not, however, receive his

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

documentation establishing that his typewriter was his. *Id.* at 8. As a result, his typewriter was not returned to him, which "hindered [his] litigation efforts challenging his criminal sentence." *Id.* at 8, 9. Plaintiff filed an administrative appeal regarding his missing property, which included various books, CDs, and legal documents. *Id.* at 9-10. Officer Neves denied plaintiff's appeal without thoroughly investigating it. *Id.* at 10-11.

Officer Speiker told plaintiff he would assist him in his defense against the sexual misconduct charge by obtaining video footage favorable to plaintiff. *Id.* at 7. However, Speiker did not follow through, thereby depriving plaintiff of his right to present evidence in his defense. *Id.* at 13. On October 6, 2019, plaintiff was found guilty of sexual misconduct in prison disciplinary proceedings. *Id* at 4. Plaintiff informed the senior hearing officer, Justin Ginder, that his associates have "zero tolerance" for the conduct at issue and that a finding of guilt could get him stabbed. *Id.* at 5. Ginder, however, did not give plaintiff a fair hearing, stating that he would take his officer's word over any video footage of the incident. *Id.* at 4-5. Ginder also stated, "I'm not putting you at risk, you are putting yourself at risk for masturbating, maybe you need a spanking." *Id.* at 5. While in administrative segregation, plaintiff's mental health worsened and his "freedom of movement" was restrained. *Id.* at 12.

On the day that plaintiff was released from administrative segregation, he was attacked by three inmates. *Id.* at 6. Plaintiff returned to administrative segregation following the attack but was released the next day. *Id.* Plaintiff was attacked a second time. *Id.*

Like the prior complaint (ECF No. 11), plaintiff purports to allege various First, Eighth and Fourteenth Amendment due process claims, as well as a state law negligence claim. The court previously determined that such claims could not survive screening:

/////
/////
/////
/////
/////
/////

> [T]he court can discern no basis for a First Amendment claim. To the extent plaintiff intends to pursue a First Amendment claim based on denial of access to the courts, he must allege specific facts showing that a defendant actually injured his litigation efforts, in that his or her conduct hindered plaintiff's efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002). If plaintiff wishes to pursue a First Amendment retaliation claim, he must "allege specific facts showing retaliation because of the exercise of the [his] constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

ECF No. 12 at 2. The instant complaint parrots the language of the prior screening order, stating that Phillips "hindered [plaintiff's] litigation efforts challenging his criminal sentence." ECF No. 13 at 9. Plaintiff's addition of this vague and conclusory allegation is not specific enough to state a claim upon which relief could be granted. Furthermore, the amended complaint does not contain any new or specific allegations to support a claim of First Amendment retaliation.

The prior screening order also addressed plaintiff's purported Eighth Amendment claims:

> [T]here are insufficient facts to establish an Eighth Amendment violation arising from the attacks on plaintiff by other inmates. That is, plaintiff fails to show that any defendant acted with deliberate indifference to his safety. A showing of deliberate indifference requires that a prison official "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

ECF No. 12 at 2. The instant complaint includes the new allegation that Ginder stated that plaintiff may "need a spanking." ECF No. 13 at 5. While this comment could suggest that Ginder may have been deliberately indifferent to plaintiff's safety, it is not enough to hold Ginder liable for the attacks on plaintiff by other inmates. Ginder allegedly made the comment to plaintiff in October. Plaintiff was attacked two months later in December and there is no indication that any act or omission on the part of Ginder allowed those attacks to take place.

As for plaintiff's purported due process claims, the court informed plaintiff as follows:

> [P]laintiff's stay in administrative segregation does not amount to a loss of liberty for purposes of a due process claim. While "prisoners do not shed all constitutional rights at the prison gate, . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotations and citations omitted). "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id.; see also Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence). In a prison setting, a liberty interest is recognized and protected where the conditions of confinement impose a hardship that is atypical and significant in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 485. Plaintiff has not shown that the conditions he was subjected to while he was housed in administrative segregation imposed an atypical or significant hardship on him in relation to the ordinary incidents of prison life.
>
> Moreover, any failure to properly process or respond to an administrative appeal does not violate due process, as there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

ECF No. 12 at 2-3. The amended complaint does not add any new allegation that would cure the deficiencies in the purported due process claims.

Based on the foregoing, the court finds that plaintiff is unable to state a cognizable federal claim for relief and this action should be dismissed without further leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile). Because plaintiff has not stated a cognizable federal claim, the court will not exercise supplemental jurisdiction over any state law claim. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

/////
/////
/////
/////
/////

1  Accordingly, it is RECOMMENDED that plaintiff's amended complaint (ECF No. 13) be
2  DISMISSED without leave to amend for failure to state a claim upon which relief could be
3  granted.
4  These findings and recommendations are submitted to the United States District Judge
5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6  after being served with these findings and recommendations, any party may file written
7  objections with the court and serve a copy on all parties.  Such a document should be captioned
8  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
9  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
10 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
11 Dated: February 21, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE